

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1269-16

### CHRISTOPHER JAMES HOLDER, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

NEWELL, J., filed a concurring opinion.

Ordinarily, I would favor a remand to the court of appeals for a "carefully wrought" decision.[1]  But in this case, I believe it better to do what the Court is doing—ask for briefing on the issue by the parties.  It is obviously more efficient.  And everyone agrees that the Court has the authority to do it.

---

[1] *McClintock v. State*, 444 S.W.3d 15, 20 (Tex. Crim. App. 2014).

Further, this case is not like *Hankston*.[2] Hankston raised a Fourth Amendment claim that was rejected by the court of appeals.[3] Sending that case back for reconsideration in light of *Carpenter v. United States*[4] makes a great deal of sense.[5] It allows the court of appeals an opportunity to correct its prior holding analyzing a Fourth Amendment claim in light of new precedent from the United States Supreme Court. And, if the court of appeals determines that the seizure of the historical cell site location information in that case violates the Fourth Amendment in light of *Carpenter*, there is no longer any need to address the Texas Constitutional argument.

But in this case, Appellant raised a state constitutional claim. He never raised a Fourth Amendment claim to the court of appeals, so there's no Fourth Amendment holding for the court of appeals to re-evaluate in light of *Carpenter*. Were we to remand this case, the court of appeals would instead consider the degree to which this Court's

---

[2] *Hankston v. State*, No. PD–0887–15, 2018 WL 7571715 (Tex. Crim. App. Oct. 10, 2018) (not designated for publication).

[3] *Id.*

[4] *Carpenter v. United States*, 138 S. Ct. 2206 (2018).

[5] *Hankston v. State*, ___ S.W.3d ___, 2019 WL 4309685 (Tex. Crim. App. 2019).

interpretation of Article I, Section 9 of the Texas Constitution is intertwined with federal law and the degree to which this Court is bound by Supreme Court precedent when analyzing a state constitutional claim. And, ultimately, *Carpenter* may have nothing to do with Appellant's state constitutional claim. These are questions better left to this Court given the current procedural posture of the case.

This case raises issues of this Court's authority and how that authority relates to the authority of the United States Supreme Court. This Court is better suited to navigate those waters than the intermediate court of appeals.[6] And frankly, it is backwards to ask the intermediate court of appeals to weigh in on the scope of this Court's authority. We already have the opportunity to address the issue ourselves after briefing from the same lawyers and parties who would be briefing and arguing the issue to the court of appeals. The better solution is the one the Court chooses, asking the parties to brief the issue before this Court.

I have previously observed that I could not imagine a judicial statement with less precedential or persuasive value than a side opinion

---

[6] *See, e.g., State v. Ibarr*a, 953 S.W.2d 242, 245 (Tex. Crim. App. 1997) (under TEX. CONST. art. I, § 9, voluntary consent to search in Texas requires clear and convincing evidence, a higher burden of proof than the preponderance of evidence standard under the Fourth Amendment).

to an order refusing discretionary review.[7]  Now I can as I address a side opinion in yet another side opinion to a mere briefing order.[8]  The briefing order in this case needs no embellishment; the State of Texas would have been better served by our silence.  Rather than try to control the terms of the debate, I would honestly and thoughtfully consider the merits of the issue.  Because that is what the Court is doing, I join the Court's briefing order.

Filed: October 23, 2019

Publish

---

[7] *Flores v. State*, 563 S.W.3d 907, 909 (Tex. Crim. App. 2018) (Newell, J., concurring).

[8] No one takes issue with the substance of the briefing order itself.